KATE L. SANFORD *vs.* MARY CARR STILLWELL.

Waldo. Opinion July 16, 1906.

*Deed. Exception Therein. Construction of Same with Reference to Unrecorded Deed. R. S., c. 75, § 11.*

The plaintiff's deed contained, among other things, the following clause: "Also excepting any and all other portions of said premises which may have been conveyed by the Cape Jellison Land Improvement Company, the Penobscot Bay Land Improvement Company, Dustin Lancey and Jeremiah Nelson."

At the time of the delivery of this deed the plaintiff had notice by record of a deed of certain lots from Jeremiah Nelson to the defendant, but after the plaintiff's deed was placed on record the defendant caused to be recorded another deed from Jeremiah Nelson bearing the same date as the one previously recorded but purporting to convey not only the same several lots but also one half the area of the private ways adjoining and the shore and flats in front of these lots.

*Held:* that the exception in the plaintiff's deed included by reference the land conveyed to the defendant under the unrecorded deed.

On report. Judgment for defendant.

Real action wherein the plaintiff demanded against the defendant the possession of a certain lot of land situate in Stockton Springs, Waldo County. Writ dated August 30, 1905. Plea, the general issue and a brief statement of title in the defendant.

This action came on for trial at the April term, 1906, of the Supreme Judicial Court, Waldo County. At the conclusion of the evidence it was agreed to report the case to the Law Court, "to render such judgment as the law and the fact require."

The plaintiff's deed mentioned in the opinion is dated August 10, 1899, and was recorded August 15, 1899. The defendant's deed mentioned in the opinion and which was not recorded until after the record of the plaintiff's deed, is dated April 30, 1896, and was recorded August 9, 1901.

The case appears in the opinion.

*Dunton & Morse,* for plaintiff.

*W. P. Thompson,* for defendant.

SITTING: WISWELL, C. J., STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J. This is a writ of entry and comes before the court on report.

The plaintiff is the owner of a large tract of shore property in Stockton Springs, Waldo County, Maine, which had been laid out and plotted for building purposes and from which portions had been sold prior to the plaintiff's acquisition of the property. The plaintiff's deed contained the following clause:

"Also excepting any and all other portions of said premises which may have been conveyed by the Cape Jellison Land Improvement Company, The Penobscot Bay Land Improvement Company, Dustin Lancey and Jeremiah Nelson."

The deed was dated August 10, 1899, and recorded August 15, 1899. At the time of the delivery of this deed the plaintiff had notice by record of a deed of certain lots from Jeremiah Nelson to the defendant; but after the plaintiff's deed was placed on record the defendant caused to be recorded another deed from Jeremiah Nelson

bearing the same date as that previously recorded but purporting to convey not only the same several lots but also one half the area of the private ways adjoining and the shore and flats in front of these lots. The plaintiff seeks to recover possession of that portion of the land occupied by the defendant which was not included in the deed first recorded. There is no evidence that either the plaintiff or the plaintiff's grantor had notice of the second deed prior to its recording. There is no evidence of fraud, and as the case stands full credit is to be given to all the transactions, and the rights of the parties must depend upon the construction of the deeds and the legal effect of their delivery and recording, which must be presumed to have been upon the dates indicated therein.

The plaintiff relies upon the statute R. S., chap. 75, sec. 11, which provides that " no conveyance of an estate in fee simple, fee tail or for life or lease for more than seven years is effectual against any person except the grantor, his heirs and devisees, and persons having actual notice thereof, unless the deed is recorded as herein provided."

This would be sufficient to establish her title in the absence of evidence of actual notice of defendant's deed, were it not for the express exception in the plaintiff's deed of " all other portions of said premises which may have been conveyed by Jeremiah Nelson."

It would seem that the case as presented to the court turns entirely on the validity of this exception and its application to the premises referred to in the defendant's deed. Whatever may have been the rights of the plaintiff's grantor with reference to the premises, if he has purposely and by apt language excluded the defendant's land from the tract which he conveyed to the plaintiff she has not succeeded to his rights in that land. The question of actual notice of the defendant's deed is not involved in this case, if the plaintiff herself has no colorable title to the premises.

The language of the exception does not violate the requirements of accuracy. By reference to the conveyances of Jeremiah Nelson it incorporates the premises described in those conveyances which must necessarily have been set out with sufficient accuracy. The knowledge or ignorance of the grantor with reference to the conveyances of Jeremiah Nelson does not affect the certainty and accuracy of his

exception.    If the conveyances existed in fact and are referred to that
is sufficient.    *King* v. *Wells*, 94 N. C. 344.

There is no ambiguity in his use of language, which clearly
expresses the intention to include in his exception all land conveyed
by Jeremiah Nelson whether the conveyances were within his knowl-
edge or not.    It therefore included by reference the land conveyed
to the defendant under the unrecorded deed, which was a valid con-
veyance although until recorded effectual only against those having
actual notice.    *Adams* v. *Hopkins*, 144 Cal. 19;

The plaintiff not having acquired title to the demanded premises
cannot maintain this action.

*Judgment for defendant.*